No. 16.—Edwin A. Adams *et al.* plaintiffs in error, *vs.* William Mizell, defendant in error.

[1.] A defendant, coming into possession of slaves as a loan, after the death of the lender, and with knowledge of the title to the plaintiff, derived by will from the lender, asserts title to the slaves and declares that he will hold them in spite of them: *Held,* that this, coupled with user and acts of control, is a conversion

Trover, in Talbot Superior Court.    Tried before Judge IVER-SON, September Term, 1851.

Edward A. Adams and wife and others, the children of Lou-isa Mizell, brought an action of trover against William Mizell, for a negro woman, Rose, and her descendants.    The plaintiffs below claimed under the will of Allen Dorman, the father of Louisa Mizell.    They proved, upon the trial, that about one year after the marriage of defendant below, with Louisa Mizell, about 1818, Rose was sent home with them by Allen Dorman, to be well treated until he called for her, saying that he would not give her to them to spend, but to keep until he called for her. That defendant had been in possession of the negro and her de-scendants ever since; always claimed them as his own, and worked and treated them as owners of slaves usually do.    One of the witnesses had a conversation with defendant sometime before the commencement of this suit, about a threatened suit, by one of the plaintiffs, in which conversation defendant stated, that " he knew that Allen Dorman had given said negroes to his (defendant's) children in his will, but that they were his and he should hold them in spite of them."

Defendant's counsel moved for a non-suit, on the ground that there was no proof of a conversion.    The Court granted the mo-tion, and entered a non-suit, and this decision is here assigned as error.

B. HILL and E. H. WORRILL, for plaintiffs in error.

L. B. SMITH, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] According to the evidence, the defendant received the negroes as a loan for an indefinite term.    After his marriage with the mother of the plaintiffs, the woman, Rose, was sent home with him by his father-in-law, under whose will the plaintiffs claim, " to be well treated until he called for her," he

saying farther, " that he would not give her to them to spend, but to keep until he called for her." The evidence farther is, that the defendant had been in possession of Rose and her descendants ever since ; always claimed them as his own, and worked and treated them as owners of slaves usually do. It is farther in evidence, that one of the witnesses had a conversation with the defendant before this suit was instituted, about a threatened suit by one of the plaintiffs, in which defendant stated, that " he knew that Allen Dorman had given the negroes to his (defendant's) children in his will, but that they were his, and he should hold them in spite of them." Upon this evidence, the Court non-suited the plaintiffs, because there was no proof of conversion, and they have excepted. The user and control of the slaves alone do not amount to conversion, because consistent with the lender's title, according to the right of possession, which the defendant acquired by the loan. There was nothing in them tortuous. But the assertion of a title to the property, made after the death of the lender, with knowledge of the plaintiffs' title, and made in direct reference to their title, and a declaration that he would hold it, in spite of them, in addition to the use and control, is proof of conversion. The defendant negatived both the right of property and right of possession of the plaintiff; repudiated the character in which he acquired the possession, and appropriated the property. These things constitute conversion, and the evidence proves them. The case, in our opinion, ought to have gone to the Jury. *Liptrot vs. Holmes,* 1 *Kelly,* 391, '2.

Let the judgment be reversed.